Strong et al. v. Schmitt.

and the cause remanded to the court of common pleas for further proceedings.

8. Mr. Erskine: "I desire your honor to pass upon the question of the vial."

Court: I intended to comment upon that. Henry Freeman testifies that some days prior to the homicide he had a conversation with the accused upon the subject of obtaining poison to kill rats; and that the accused said in this connection that his rats would not eat Rough on Rats on bread and butter. After the homicide the same witness found a small vial in the stable near the spot where the accused slept, which was delivered to a physician. The physician was called as a witness for the state and testified that he administered some of the contents of the vial to a half-grown cat and the cat died. He also testified that he had no other knowledge by analysis or otherwise, as to whether such contents were poisonous. He was then permitted to give his opinion upon the question and stated in substance that in his opinion the vial contained poison. We are of opinion that the objection to this evidence was well taken and should have been sustained.

This witness observed no pathological symptoms indicating that the cat died of poison. The death may or may not have been caused by the dose, and the witness himself said that he was unable to give an opinion upon the question.

Thereafter the vial and its contents were given in evidence against the objection and exception of defendant.

We think this was error. As a general rule, the facts from which incriminating inferences are sought to be drawn, should be fully proved; otherwise such inferences may be made to rest on mere conjecture and speculation.

That the vial contained poison was unproved. That the defendant ever had it in his possession was unproved. If both these facts had been proved, then, the further and only important fact, that the accused intended to use it for a homicidal purpose, and for the specific purpose of poisoning Clara Seigler, was not only wholly unproved, but was not inferable from the evidence.

*John M. Cook and John W. Trainer*, Attorneys for Plaintiff in Error.

*Emmett E. Erskine Prosecuting Attorney* and *Dio Rogers*, for Defendant in Error.

---

## LANDLORD AND TENANT—EVIDENCE.

[Lucas Circuit Court, February 5, 1897.]

Haynes and King, JJ.

*Henry Strong et al. v. Theodore Schmitt.

1. ORAL AGREEMENT BETWEEN LESSEE AND LESSOR.

Where the lessee in leasing certain premises and before the execution of a written lease has an oral understanding with his lessor that he is to receive a rebate on his rent at the end of the year: *Held*, that the whole contract was merged into the written one, and it was error for the court to admit testimony to show that there should be a rebate by virtue of some oral arrangement made prior to the execution of the written lease.

*For a subsequent decision in this case, as to holding over under former contract, rights of landlord not affected by surrender without agreement, right to take possession for rent and limitation of action for rent to six years, see 8 Circ. Dec., 551.

2. TENANT BY THE YEAR HOLDING OVER.

> Where one leases premises for one year, renewable at the end of the year and such lessee at the expiration of the second year held over under, and according to the terms of the lease; such holding over will be regarded as that of a tenant from year to year and not as a tenant by will, and therefore such lessee will be liable for the whole of the year.

ERROR.

HAYNES, J.

An action entitled as above, was brought first in a justice's court, and then taken to the common pleas by appeal, to recover for four months' rent of certain premises in this city (Toledo). The case in the common pleas was tried to the court without the intervention of a jury, and judgment was rendered against the plaintiff below, who thereupon filed his petition herein to reverse the judgment of the court of common pleas, which is the case now before us.

The record shows this state of facts: Schmitt leased of the plaintiffs in error certain premises on Superior street in this city, for a period of time, at a certain price, the same payable in monthly instalments, and the original lease was for one year, and perhaps renewable at the end of a year; but, be that as it may, at the end of the second year the controversy commences. It is claimed on behalf of Schmitt that when the original lease was made there was an oral understanding that there was to be deducted from the whole year's rent—(which was $600)—$50, leaving him actually $550; and, secondly, he claims that at the expiration of the second year he notified the parties that he would not lease another year by the year, but would lease by the month.

Testimony is given tending to show that a new lease being presented to him, he refused to sign it. The lessors thereupon notified him that they should hold him for the full year. They did not accept his proposition, or recognize his right to make any such a proposition. However, he remained upon the premises, paying his rent, for about four months or perhaps more, and then left the premises; and this suit is brought for the amount claimed to be due for the remainder of the year. It is claimed on behalf of defendant in error that this original contract was a valid contract, whereby it was agreed that there should be a rebate of fifty dollars a year. Secondly, that the arrangement that was made at the expiration of the year mentioned, was such as that the court will enforce it—that it was a valid arrangement; and he claims further, that if he held over, he held over by sufferance, and not for a year, either at law or in fact.

Without going through this testimony, or discussing it at any length, we are satisfied of this; that when the contract was drawn—whatever may have been said at the time, there was nothing in the contract—no other arrangement nor agreement- -than that the lessee was to pay $600 a year, being $50 per month. By the settled rule of law, the whole contract at that time was merged into the written contract. There was no agreement that there should be another contract nor was any such other contract recognized in the lease. The court, therefore, erred in admitting testimony to show that there should be a rebate of $50 a year by virtue of some oral arrangement made prior to the execution of the written lease.

Secondly, we are of the opinion that the party, when it came to the expiration of the second year, held over under and according to the terms of the lease; not as a tenant by will, but as a tenant from year to

year, and that he paid the rent for some months and recognized the tenancy—although he was claiming at the time, perhaps, that he should have it only from month to month.

We are clear that under the decisions of the supreme court of this state, that no arrangement or agreement made between the parties in the way claimed by defendant in error, would be valid or binding; and that the court could not rightfully take such alleged arrangement into consideration, the same not being in writing, and clearly within the statute of frauds.

There was some contention that there was a surrender of these premises. We are of the opinion that there may be an oral surrender of premises, but there must be a delivering up of the premises. Nothing of that kind occurred here, but the party held on and the evidence is clear that he was told that he would be held according to the terms of the original lease, for a year.

We are therefore of the opinion that the court of common pleas erred in dismissing the petition of the plaintiffs below, and that it should have rendered judgment for the plaintiff below, and the judgment of the court of common pleas will be reversed and the cause remanded for a new trial, and for further proceedings according to law.

*Clayton W. Everett,* Attorney for Plaintiffs in Error.

*Pilliod & Tyler,* Attorneys for Defendants in Error.

